```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

LUIS PEREZ,                         )
                                    )
          Plaintiff,                )
                                    )
          v.                        )
                                    )    C.A. No. 14-10054-DPW
                                    )
LUIS SPENCER, et al.,               )
                                    )
          Defendants.               )
                                    )
```

ORDER
February 17, 2014

Luis Perez, who is incarcerated at the North Central Correctional Institution at Gardner ("NCCI"), brings this *pro se* action in which he alleges that he was unlawfully subject to prison discipline for writing letter to an attorney who had wrongly obtained a judgment against him.  He also claims that, under the pretext of the disciplinary conviction, he was transferred to another prison in retaliation for making public statements about prison conditions.  Finally, he alleges that, during the transfer, his rights were violated because the restraints applied to him and the length of the transport exacerbated a serious medical condition.

Perez seeks leave to proceed *in forma pauperis*.  The prison account statement accompanying his motion indicates that the average daily balance over the six-month period preceding the filing of the motion was $1,909.71.  In the same period, he received $1,151.03.  His current account balance is $1,943.46.

In light of the funds available to Perez, I conclude that the plaintiff has sufficient funds to prepay the $400.00 filing

and administrative fees. If Perez would like to proceed with this action, he must prepay the $400.00 fee.[1]

Once Perez pays the fee, but prior to the issuance of any summonses, the complaint will be subject to an initial screening pursuant to 28 U.S.C. § 1915A. This statute authorizes district courts to dismiss *sua sponte* prisoner actions brought against governmental entities or officers if the compliant is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. I will also consider whether I have subject matter jurisdiction over this action.[2]

Accordingly:

(1) The motion for leave to proceed *in forma pauperis* (#9) is DENIED. If Perez wishes to pursue this action, he must, within thirty-five (35) days of the date of this order, pay the

---

[1] I also note that, even if I granted the motion, Perez would still be required to pay the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1), (2). For a prisoner bringing non-habeas actions, the benefit of *in forma pauperis* status, in regards to the filing fee, is that the plaintiff can commence the action without having to prepay the $350.00 filing fee and the $50.00 administrative fee is waived. The $350.00 filing fee is not waived for indigent prisoners in non-habeas civil actions and ultimately the prisoner will have to pay it, for example from such funds as prison authorities identify.

[2] In particular I note that under the *Rooker-Feldman* doctrine, a federal district court does not have subject matter jurisdiction to entertain an action brought by a party who lost in state court and who is "seeking review and rejection of that judgment' in federal court." *Exxon Mobile*, 544 U.S. at 291; *see also D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This case will be screened in light of the judgment entered in connection with *Perez v. Commissioner of Correction*, 995 N.E. 2d 843 (Mass. App. Ct. 2013).

$400.00 filing and administrative fees.  Failure to comply with this order will result in dismissal of this action without prejudice for failure to pay the filing fee.

    (2)  The motion for discovery (#4) is DENIED WITHOUT PREJUDICE.  Should this action proceed to discovery, the plaintiff will be able to make discovery requests in accordance with applicable Federal Rules of Civil Procedure.

    (3)  No summonses shall issue pending resolution of the filing fee and screening of the complaint.

    SO ORDERED.

                                         /s/ Douglas P. Woodlock
                                        DOUGLAS P. WOODLOCK
                                        UNITED STATES DISTRICT JUDGE