UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS PEREZ, <br><br> Plaintiff, <br><br> v. <br><br> CAROL HIGGINS O'BRIEN and MICHAEL CORSINI, <br><br> Defendants. | Civil Action No. 14-cv-10054-ADB |

## MEMORANDUM AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

BURROUGHS, D.J.

On February 1, 2016, Plaintiff Luis Perez filed an Amended Complaint alleging that the defendants, employees of the Massachusetts Department of Correction, violated his constitutional rights while he was incarcerated. [ECF No. 45]. On March 11, 2016, Defendant Michael Corsini filed a motion to dismiss based on Plaintiff's alleged failure to effectuate service [ECF No. 50] and Defendant Higgins O'Brien filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 52], which Defendant Corsini joined [ECF No. 52 at 1 n.1]. For the reasons stated herein, Defendant Higgins O'Brien's motion to dismiss [ECF No. 52] is GRANTED, and Defendant Corsini's motion to dismiss [ECF No. 50] is DENIED as moot.

## I. BACKGROUND

The following facts are drawn from Plaintiff's Amended Complaint. For the purposes of a motion to dismiss, the Court accepts all factual allegations in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In November 2006, Plaintiff was an inmate housed at the Bay State Correctional Center ("BSCC") in Norfolk, Massachusetts. On November 24, Plaintiff received a letter stating that he owed $7,140 stemming from litigation in the Quincy District Court concerning a motor vehicle accident.[1] On or about that same day, Plaintiff wrote a letter to the then-Superintendent of the BSCC, Defendant Michael Corsini, "asking him to investigate and correct the problem" to avoid having his inmate account frozen. On December 9, 2006, Plaintiff was notified that a disciplinary report had been filed. Thereafter, on December 11, 2006, Plaintiff wrote a second letter to Defendant Corsini. Later that same day, Plaintiff lost consciousness and suffered injuries to his head and nose. Plaintiff was then transported to an outside hospital where he received treatment.

After leaving the hospital on December 11, Plaintiff was transported back to the BSCC. Shortly after arriving at the BSCC, and without exiting the transport vehicle, Plaintiff was transferred to MCI-Concord. Plaintiff alleges that, during the two-and-a-half hour ride from the BSCC to MCI-Concord, a chain was placed across his stomach which "dug in" and caused pain and red marks that turned into bruises. He also claims that he had high blood pressure and the transfer and ride were stressful.

On January 26, 2007, Plaintiff was served with notice of a disciplinary hearing. The disciplinary hearing was held on February 5, 2007. At the hearing, the reporting officer testified that the disciplinary proceedings resulted from Plaintiff's original November 24, 2006 letter to Defendant Corsini; however, this letter was excluded from the hearing while the December 11, 2006 letter was admitted. The Hearing Officer found Plaintiff guilty of the charges of attempted

---

[1] For context, apparently Plaintiff was mistakenly named as a defendant in the Quincy District Court lawsuit, which concerned a collision that occurred while Plaintiff was incarcerated. [ECF No. 53-2 at 3–4]. Plaintiff sent a letter to the attorney who filed the lawsuit threatening to file a complaint with the Board of Bar Overseers and to file a lawsuit against the attorney unless the attorney paid Plaintiff $1,000. Id. at 4. When prison officials learned of Plaintiff's letter, they notified Plaintiff that he would receive a disciplinary report for attempted extortion. Id.

2

extortion and blackmail and sanctioned him to 30 days loss of canteen and 30 days loss of telephone.

Plaintiff appealed the disciplinary decision to the superintendent; the appeal was denied on February 8, 2007. Thereafter, Plaintiff filed a civil complaint in Suffolk Superior Court on April 27, 2007. The Superior Court entered judgment on a motion for judgment on the pleadings on July 18, 2012, finding (1) there was evidence in the administrative record sufficient to support the Hearing Officer's finding of guilt, (2) Plaintiff's due process rights were not violated because he was provided with the documentation attached to the initial disciplinary report and a hearing, and (3) the sanctions imposed "did not trigger any constitutional protections or deprive the Plaintiff of any due process." [ECF No. 53-2]. Plaintiff appealed, and the Massachusetts Appeals Court affirmed the Superior Court's decision on October 17, 2013. See Perez v. Commissioner of Correction, 995 N.E.2d 843 (Mass. App. Ct. 2013).

On January 8, 2014, Plaintiff filed the original Complaint in the instant action. [ECF No. 1]. Plaintiff filed an Amended Complaint on February 1, 2016. [ECF No. 45]. On March 11, 2016, Defendants filed the two motions to dismiss at issue here. [ECF Nos. 50 and 52].

## II. DISCUSSION

### a. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to plead "a short plain statement of the claim" that will provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint need not contain "detailed factual allegations," however, "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action" are required. Id. In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court

accepts as true all well-pleaded facts and analyzes "those facts in the light most hospitable to the plaintiff's theory, and drawing all reasonable inferences for the plaintiff." United States ex. rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). "A suit will be dismissed if the complaint does not set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Id. at 384 (quoting Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008)). The factual allegations, when taken as true, "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

b. **Statute of Limitations**

Defendants first argue that Plaintiff's Amended Complaint should be dismissed because it is barred by the statute of limitations. [ECF No. 53 at 3]. "A defendant can raise the statute of limitations as an affirmative defense in a Rule 12(b)(6) motion to dismiss so long as the underlying factual basis for the defense is 'clear on the face of the plaintiff's pleadings.'" Arcieri v. New York Life Ins. Co., 63 F. Supp. 3d 159, 163 (D. Mass. 2014) (quoting Santana-Castro v. Toledo-Davila, 579 F.3d 109, 113–14 (1st Cir. 2009)).

In actions brought under 42 U.S.C. § 1983, "courts use the personal-injury limitations period adopted by the state where the injury supposedly occurred" as the statute of limitations. Martinez-Rivera v. Puerto Rico, 812 F.3d 69, 74 (1st Cir. 2016); see also Wilson v. Garcia, 471 U.S. 261, 280 (1985) (holding "§ 1983 claims are best characterized as personal injury actions" and finding the court of appeals correctly applied the state statute of limitations on personal injury claims), superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004). To determine when the limitations period begins, courts look to federal law, which provides that "accrual commences when a plaintiff knows, or has reason to

4

know, of the discriminatory act that underpins his cause of action." Morris v. Gov't Dev. Bank of Puerto Rico, 27 F.3d 746, 748–49 (1st Cir. 1994).

Here, the injuries Plaintiff complains of occurred in Massachusetts, when he was transferred from the BSCC to MCI-Concord and while he was incarcerated in MCI-Concord. [ECF No. 45 at ¶¶ 7, 14]. The statute of limitations on personal injury actions under Massachusetts law is three years. Mass. Gen. Laws ch. 260, § 2A. Thus, the statute of limitations on Plaintiff's § 1983 claim is three years. See Martinez-Rivera, 812 F.3d at 74–75. The limitations period began to run, at the latest, on February 5, 2007, when Plaintiff was convicted of the disciplinary charges. [ECF No. 45 at ¶ 21–26]. See Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (citing Abramson v. University of Hawaii, 594 F.2d 202, 209 (9th Cir. 1979)) (holding the limitations period begins to run at the time the "discriminatory act" occurs, not when "the consequences of the act [become] most painful"). Therefore, the statute of limitations for filing the instant action expired, at the latest, on February 5, 2010, absent tolling.

"[W]hen a federal statute is deemed to borrow a State's limitations period, the State's tolling rules are ordinarily borrowed as well." Heimeshoff v. Hartford Life and Acc. Ins. Co., 134 S. Ct. 604, 615 (2013) (citing Hardin v. Straub, 490 U.S. 536, 539 (1989)). "In Massachusetts, a statute of limitations can be tolled because of fraudulent concealment if 'the wrongdoer . . . concealed the existence of a cause of action through some affirmative act done with intent to deceive,' but '[t]he statute of limitations . . . is not tolled if the plaintiff has actual knowledge of the facts giving rise to his cause of action.'" Abdallah v. Bain Capital LLC, 752 F.3d 114, 119–20 (1st Cir. 2014) (quoting Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 239 (1st Cir. 2005)). Here, Plaintiff was present for both the transfer from the BSCC to MCI-Concord and the disciplinary hearing. [ECF No. 1 at ¶¶ 22, 29]. Therefore,

5

Plaintiff had "actual knowledge of the facts giving rise to his cause of action" and is not entitled to tolling of the statute of limitations. Abdallah, 752 F.3d at 120. Furthermore, the fact that Plaintiff was litigating his § 1983 claim in state court from April 27, 2007, to November 20, 2013, does not constitute grounds for tolling. See Curry v. Guardian Foundation, Inc., No. 11–30113–RWZ, 2012 WL 1038810, at *1-2 (D. Mass. Mar. 27, 2012) (litigation in state court of a cause of action arising out of an event does not toll the statute of limitations for purposes of filing suit in federal court for a cause of action arising out of the same event).

Therefore, because Plaintiff's Amended Complaint was not filed until February 1, 2016, almost six years after the statute of limitations on his claims had run, and Plaintiff is not entitled to tolling of the statute of limitations, Plaintiff's Amended Complaint is time barred.

### c. Res Judicata

Defendants also argue, in the alternative, that Plaintiff's Amended Complaint should be dismissed because it is barred by the doctrine of res judicata and collateral estoppel. [ECF No. 53 at 5]. Federal courts must "give preclusive effect to state-court judgment whenever the courts of the State from which the judgments emerged would do so." Allen v. McCurry, 449 U.S. 90, 96 (1980) (citing 28 U.S.C. § 1738). This mandate includes state-court judgments in § 1983 cases such as the one currently before this Court. Id. at 97. "Consequently, state law, with all its wrinkles, applies in deciding the res judicata effect of a state court judgment in a federal court." Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000).

Under Massachusetts law, "the term 'res judicata' includes both claim preclusion and issue preclusion." Kobrin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005). "Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." Id.

(quoting O'Neill v. City Manager of Cambridge, 700 N.E.2d 530, 532 (Mass. 1998)). As with federal law, Massachusetts law requires proof of three elements to invoke claim preclusion: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." Id. (quoting DaLuz v. Dep't of Corr., 746 N.E.2d 501, 505 (Mass. 2001)); see also FDIC v. Shearson-American Exp., Inc., 996 F.2d 493, 497 (1st Cir. 1993) (citing Kale v. Combined Insurance Co. of America, 924 F.2d 1161, 1165 (1st Cir.) cert. denied, 502 U.S. 816 (1991)).

The first element of claim preclusion requires identity or privity of the parties to the present and prior actions. Kobrin, 832 N.E.2d at 634. Where the parties to the present and prior action are the same, identity has been established. Id. (finding identity where "the parties in both actions are identical"). Where the parties are different, privity may be established if the parties to the present action's "interest[s] [were] adequately represented by a party to the prior litigation, and whether binding the nonparty to the judgment is consistent with due process and common-law principles of fairness." Degiacomo v. City of Quincy, 63 N.E.3d 365, 370 (Mass. 2016). Here, the parties to the present action are Carol Higgins O'Brien, individually and in her official capacity as Acting Commissioner of the Massachusetts Department of Correction, and Michael Corsini, individually and in his official capacity as Superintendent of MCI-Plymouth. [ECF No. 45 at 2–3]. The parties to the prior action included, among others, Kathleen M. Dennehy, individually and in her official capacity as Commissioner of the Massachusetts Department of Correction, and Michael Corsini, individually and in his official capacity as Superintendent of the BSCC. [ECF No. 53-1 at 2–3]. State officials sued in their official capacity "assume the identity of the government that employs them." Hafer v. Melo, 502 U.S. 21, 27 (1991). Thus, to the extent Plaintiff has sued Defendants in their official capacity as employees of the

Commonwealth of Massachusetts and Defendant Corsini in his individual capacity, identity of the parties to the present and prior action has been established. Compare State Court Complaint [ECF No. 53-1] with Federal Complaint [ECF No. 45]. As to the claims brought against Defendant O'Brien in her individual capacity, she is entitled to use the prior judgment "defensively" to bar claims that were raised in the prior action by the same plaintiff from being brought against her now. Home Owners Fed. Sav. & Loan Ass'n v. Nw. Fire & Marine Ins. Co., 238 N.E.2d 55, 59 (Mass. 1968) (holding "one not a party to the first action may use a judgment in that action defensively against a party who was a plaintiff in the first action on the issues which the judgment decided"). Therefore, the first element of claim preclusion has been satisfied.

The second element of claim preclusion requires proof of identity of the cause of action. Kobrin, 832 N.E.2d at 634. Where the present action "grows out of the same transaction or series of connected transactions as the [prior action]," identity of causes of action for res judicata purposes has been established. See Kale, 924 F.2d at 1166 (quoting Isaac v. Schwartz, 706 F.2d 15, 17 (1st Cir. 1983)) (internal quotations omitted). In both the present and prior actions, Plaintiff has brought causes of actions for violations of his due process rights and violations of § 1983 as a result of the December 11, 2006 transfer and subsequent prison disciplinary hearing held on February 5, 2007. Compare State Court Complaint [ECF No. 53-1] with Federal Complaint [ECF No. 45]. Thus, identity of causes of action has been proven. Further, to the extent Plaintiff is alleging new claims that could have been adjudicated in the prior action, those claims are barred. Kobrin, 832 N.E.2d at 634 ("Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." (quoting O'Neill, 700 N.E.2d at 532)).

The third element of claim preclusion requires a prior final judgment on the merits. Kobrin, 832 N.E.2d at 634. In Plaintiff's prior action, there was a prior final judgment on the merits spanning nine pages [ECF No. 53-2], which was affirmed on appeal [ECF No. 53-3]. Therefore, as the three elements of claim preclusion under Massachusetts law have been satisfied, the claims against the named defendants are barred.

Similar to claim preclusion, "issue preclusion 'prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies.'" Kobrin, 832 N.E.2d at 634 (quoting Heacock v. Heacock, 520 N.E.2d 151, 152 n.2 (Mass. 1988)). In order for issue preclusion to apply, the following three elements must be satisfied: "(1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication." Id. (quoting Tuper v. N. Adams Ambulance Serv., Inc., 697 N.E.2d 983, 985 (Mass. 1998)). "Additionally, the issue decided in the prior adjudication must have been essential to the earlier judgment." Id. (quoting Tuper, 697 N.E.2d at 985). An issue is "essential to the earlier judgment" when it is "essential to the merits of the underlying case." Jarosz v. Palmer, 766 N.E.2d 482, 486 (Mass. 2002).

As discussed above, the first and second elements of issue preclusion have been satisfied. The remaining question is whether "the issue in the prior adjudication was identical to the issue in the current adjudication." Kobrin, 832 N.E.2d at 634 (quoting Tuper, 697 N.E.2d at 985). Plaintiff's prior action consists of three issues: (1) whether the Hearing Officer at the February 5, 2007, disciplinary hearing had sufficient evidence upon which to base his decision, (2) whether the failure to provide Plaintiff with the documentation attached to the disciplinary report violated

Plaintiff's due process rights, and (3) whether the sanctions imposed as a result of the disciplinary hearing violated Plaintiff's constitutional rights in violation of § 1983. [ECF Nos. 53-1 and 53-2]. Here, Plaintiff claims constitutional violations based on the Hearing Officer withholding "exculpatory evidence" at the disciplinary hearing and due to the alleged mistreatment he suffered during the transfer to MCI-Concord and as a result of the sanctions imposed by the Hearing Officer. [ECF No. 45 at 11-12.] As Plaintiff has fully litigated these same issues in the state court and these issues were essential to the state court's judgment, identity of issues has been established, and Plaintiff's claims are barred.

### d. Motion to Dismiss for Failure to Serve

Defendant Corsini also argues that Plaintiff's Amended Complaint should be dismissed because Plaintiff has failed to effectuate proper service as required by Federal Rule of Civil Procedure 4(m). [ECF No. 50]. As Plaintiff's Amended Complaint has been dismissed as both time barred and barred by the doctrine of res judicata, the Court need not reach the issue of whether Plaintiff has complied with Rule 4(m).

## III. CONCLUSION

Accordingly Defendant Higgins O'Brien's motion to dismiss [ECF No. 52] is <u>GRANTED</u> and Defendant Corsini's motion to dismiss [ECF No. 50] is <u>DENIED AS MOOT</u>.

**SO ORDERED.**

February 21, 2017 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE